NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0274n.06

Case No. 25-3929

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 26, 2026
KELLY L. STEPHENS, Clerk

JONATHAN OTAVALO MUELA,

    Petitioner,

    v.

TODD BLANCHE, Acting U.S. Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATION APPEALS

OPINION

Before: BATCHELDER, MOORE, and THAPAR, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The petitioner seeks review of the BIA's denial of his application to cancel his removal proceedings. We DENY the petition.

Jonathan Otavalo Muela is a native and citizen of Ecuador who has been living in the United States since his short-term visa expired in March 2000. At his removal hearing in 2021, he sought cancellation of removal, claiming that his removal would cause "exceptional and extremely unusual hardship" to his then nine-year-old son. Otavalo Muela testified that his son's maternal grandfather, who was openly hostile to Otavalo Muela, had obtained legal custody of the boy and moved him to Texas. Otavalo Muela has had no contact with the grandfather since before the boy's birth and has not seen his son since the boy was three years old. But Otavalo Muela communicated with his son via social media and was paying $345 per month child support through the court.

In deciding Otavalo Muela's request for cancellation of removal, the immigration judge found that Otavalo Muela was credible, that he had the requisite continuous physical presence in the United States, and that, despite some lapses, he had demonstrated sufficiently good moral

character.  But the judge determined that Otavalo Muela's removal would not cause "exceptional and extremely unusual hardship" to the boy, principally because Otavalo Muela did not live with or even near his son, had made no legal effort to obtain visitation, and their contact was infrequent and limited to social media, which Otavalo Muela could do from Ecuador.  The judge found minimal financial hardship because Otavalo Muela had produced no evidence that his failure to pay the $345 per month in child support would cause any hardship to his son.  The immigration judge denied the application for cancellation.

The Board of Immigration Appeals dismissed Otavalo Muela's appeal, holding that, "[w]hen all factors are considered in the aggregate, the level of hardship shown falls short of the 'exceptional and extremely unusual hardship standard'" in 8 U.S.C. § 1229b(b)(1)(D), INA § 240A(b)(1)(D).  The Board explained that cancellation of removal is limited "to truly exceptional and compelling cases, where the qualifying relatives would suffer hardship that is substantially beyond that which would ordinarily be expected to result from the applicant's removal," *citing Matter of Monreal*, 23 I. & N. Dec. 56, 59-62 (BIA 2001), and found that "[t]he Immigration Judge properly considered the claims and evidence [that Otavalo Muela] presented regarding hardship to [Otavalo Muela]'s child under the circumstances presented, including the loss of financial support."

In this appeal, Otavalo Muela concedes the findings of fact and provides no argument as to how his preferred view of the facts would show a hardship that "is substantially beyond that which would ordinarily be expected."  Otavalo Muela instead claims the immigration judge erred by "evaluat[ing] the hardship factors sequentially and in isolation from one another," rather than "in the aggregate, considering the totality of the circumstances."  But that is ultimately irrelevant.  We must reject this claim because Otavalo Muela did not raise it in his appeal to the Board and,

therefore, did not preserve it for review. 8 U.S.C. § 1252(d)(1); *Menjivar-Bonilla v. Bondi*, 2025 WL 608797, at \*1-2 (6th Cir. Feb. 25, 2025); *Hernandez-Box v. Sessions*, 680 F. App'x 416, 420 n.1 (6th Cir. 2017). But we will nonetheless review the merits of Otavalo Muela's claim that the Board's ruling was insufficient.

Otavalo Muela contends that the Board's ruling was insufficient because it "contains no analysis demonstrating how the relevant hardship factors were evaluated cumulatively or why their combined effect failed to meet the statutory threshold." Put another way, even though the Board specifically said that "all factors [we]re considered in the aggregate," Otavalo Muela contends that is not enough; according to Otavalo Muela, the Board was required to "identify the hardship factors considered, . . . explain how those factors were weighed together, and . . . articulate why their combined effect fails to meet the statutory standard." That is not the law.

The immigration judge specifically identified and considered all the relevant factors and the Board recognized as much. If there were factors that were not considered, Otavalo Muela has not identified them. And the Board specifically stated that it considered—i.e., weighed—all the factors "in the aggregate," finding that the total hardship did not rise to "exceptional and extremely unusual hardship" under the statute. Otavalo Muela has not offered any explanation or argument as to how anyone would conclude otherwise. And the Board articulated why the combined effect of the factors failed to meet the statutory standard, explaining that the totality of the hardship to Otavalo Muela's son due to Otavalo Muela's removal to Ecuador would not rise to the level of the "truly exceptional and compelling cases," such that Otavalo Muela's son "would suffer hardship that is substantially beyond that which would ordinarily be expected to result from [Otavalo Muela]'s removal." *See Monreal*, 23 I. & N. Dec. at 59-62.

Otavalo Muela asks us to impose strict opinion-writing standards or requirements on the Board.  We refuse.  As we have explained, and as Otavalo Muela himself acknowledged in his brief, "the Board need not list every possible positive and negative factor in its decision . . . [and] has no duty to write an exegesis on every contention.  What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Scorteanu v. I.N.S.*, 339 F.3d 407, 412 (6th Cir. 2003) (quotation marks and citations omitted).  The Board satisfied that standard here.

For the foregoing reasons, we DENY the petition for review.